# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RANDALL YICK,<br><br>　　　　Defendant. | 1:11-cv-01301 LJO GSA<br><br>**ORDER CONSTRUING DEFENDANT'S DOCUMENT DATED AUGUST 12, 2011 TO BE AN ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL** |

On August 5, 2011, Plaintiff Tri-Dam filed its complaint for permanent injunction and other equitable relief against Defendant Randall Yick. (Doc. 1.) On August 15, 2011, Plaintiff filed its proof of personal service of the summons, complaint and related documents upon Defendant. (Doc. 5.)

On August 15, 2011, Defendant's document dated August 12, 2011, was filed with the Court. This Court CONSTRUES the document to be, in part, an answer to Plaintiff's complaint.

In the same document, Defendant requests the assistance of "a court appointed attorney or legal assistan[t] to represent" him or guide him as he cannot afford to hire an attorney "due to financial difficulties." (Doc. 6.) Defendant's request is DENIED for the following reasons.

1

First, Defendant's request is denied because he is not suffering any risk to his personal liberty.  Plaintiff is suing Defendant with regard to issues surrounding certain real property Defendant owns in Calaveras County.  Therefore, Defendant has no right to the appointment of counsel.  *Lassiter v. Department of Social Services of Durham County, N.C.*, 452 U.S. 18, 25 (1981).

Next, Title 28 of the United States Code section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel."  Nevertheless, "it is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing *Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994); *see also Nicholson v. Rushen*, 767 F.2d 1426 (9th Cir. 1985).  Appointment of counsel by the court is discretionary, not mandatory. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Appointment of counsel may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his or her claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Here, there are no exceptional circumstances present following this Court's consideration of Defendant's ability to articulate his claims or defenses in light of the injunctive relief Plaintiff seeks.  This matter does not appear to be particularly complex and while at this stage of the proceedings a consideration of the likelihood of success on the merits is premature, it does not appear the appointment of counsel is warranted.  *See Terrell v. Brewer*, 935 F.2d at 1017.  This Court does note that Plaintiff's complaint references previous litigation between Defendant and a neighboring landowner in state court pertaining to some of the issues relevant in this proceeding.  Plaintiff also notes the appellate proceedings have concluded in that matter.  (*See* Doc. 1, ¶¶ 29-31.)

1    Finally, the fact that Defendant might be better served with the assistance of counsel is
2 not the test. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  In other words, while it
3 may be true that Defendant would benefit from having the assistance of counsel to "help with
4 paper filing" and ensure compliance with rules and applicable deadlines (*see* Doc. 6), the Court
5 does not consider such a benefit in its determination.

6    Defendant is cautioned that an individual representing himself without the assistance of
7 an attorney remains bound by the Federal Rules of Civil Procedure, this Court's Local Rules, and
8 all other applicable laws.  *See* Local Rule 183.  In conclusion, Defendant's request for
9 appointment of counsel is DENIED.

    IT IS SO ORDERED.

    Dated:   **August 16, 2011**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE