1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                   FOR THE EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| TRI-DAM,<br><br>                Plaintiff,<br><br>   v.<br><br>RANDALL YICK,<br><br>                Defendant. | Case No. 1:11-CV-1301 AWI SMS<br><br>**FINAL SCHEDULING CONFERENCE ORDER**<br><br>Pre-Trial Conference:<br>2/26/2014 at 8:30 AM<br>Courtroom 2 (AWI)<br><br>Jury Trial Date:<br>5/6/2014 at 8:30 AM<br>Courtroom 2 (AWI)<br>(3-4 day estimate) |

1. **Date of Scheduling Conference:**

    12/18/2013.

2. **Appearances of Counsel:**

    Thomas Marrs appearing telephonically on behalf of plaintiff.

    Lauren Franco, specially appearing on behalf of Attorney David Henshaw, and appearing telephonically on behalf of defendants.

3. **Pre-Trial Conference Date:**

    2/26/2014 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

    Ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R.Civ.P. 26(a)(3).

    The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further ordered to submit a digital copy of their Joint Pretrial Statement in Microsoft Word format to Judge Ishii's chambers by e-mail to AWIOrders@caed.uscourts.gov.

    Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California as to the obligations of counsel in preparing for the Pre-Trial Conference. **The Court will insist upon strict compliance with those Rules.**

4. **Trial Date:**

    5/6/2014 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

    A. This is a jury trial.

    B. Counsels' Estimate of Trial Time:

       3-4 days.

    C. Counsels' attention is directed to **Rule 285 of the Local Rules** of Practice for the Eastern District of California.

    D. **Important Information about Scheduling and Trailing**

**District Court Judges of the Fresno Division of the Eastern District of California now have the heaviest caseload in the nation. As a result each judge will be scheduling multiple trials to begin on each available trial date, and civil cases will "trail" and begin as soon as a courtroom is cleared.  Moreover, since the law requires that criminal trials be given priority, a civil trial set to begin while a criminal trial is proceeding must trail the completion of the criminal trial.**

**Not knowing which cases actually will go to trial or precisely how long each will last, the Court cannot give advance notice of which cases will trail, or for how long.  Once your trial date arrives, counsel, parties and witnesses must remain on 24 hour stand-by until a court opens.  Since continuance to a date certain will simply postpone, but not solve, the problem, no continuances will be granted except on noticed hearing for good and exceptional cause.**

**The Court will use its best efforts to mitigate the effect of the foregoing and to resolve all cases in a timely manner.  However, it appears delays are inevitable.   One alternative is for the parties to consent to a United States Magistrate Judge conducting all proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  Eastern District Magistrate Judges, all experienced trial lawyers, use the same jury pool and same court facilities as United States District Court Judges.  Judgment entered by a United States Magistrate Judge is appealable directly to the United States Court of Appeal for the Ninth Circuit.  Since Magistrate Judges do not conduct felony trials, they have greater flexibility in scheduling firm trial dates.  (While clearly there are scheduling benefits to consenting to Magistrate Judge jurisdiction, *substantive* rulings and decisions will not be affected by whether a party chooses to consent or not.)     As another response to its large caseload, the Fresno Division of the Eastern District of California will be assigning its cases, whenever possible, to Article III District Court Judges from around the nation as Visiting Judges.   Pursuant to the Local Rules, Appendix A, such reassignments will be random and without advance notice.**

**5.    Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:**

3

1    Not requested.

2    **6.    Compliance with Federal Procedure:**

3    The Court requires compliance with the Federal Rules of Civil Procedure and the
4    Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient
5    administration of this case, all counsel are expected to familiarize themselves with the Federal
6    Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and
7    to keep abreast of any amendments thereto.  The Court must insist upon compliance with these
8    Rules if it is to efficiently handle its increasing caseload.  Sanctions will be imposed for failure to
9    follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

10    **7.    Compliance with Electronic Filing Requirement:**

11    On January 3, 2005, the United States District Court for the Eastern District of
12    California became an electronic case management/filing district (CM/ECF).  Unless excused by the
13    Court, or by Local Rule, attorneys shall file all documents electronically as of January 3, 2005, in
14    all actions pending before the Court. While Pro Se Litigants are exempt from this requirement, the
15    Court will scan in all documents filed by pro se litigants, and the official court record in all cases
16    will be electronic.  Attorneys are required to file electronically in pro se cases.  More information
17    regarding the Court's implementation of CM/ECF can be found on the Court's web site at
18    www.caed.uscourts.gov, including the Court's Local Rules, the CM/ECF Final Procedures, and the
19    CM/ECF User's Manual.

20    While the Clerk's Office will not refuse to file a proffered paper document, the
21    Clerk's Office will scan it and, if improperly filed, notify the Court that the document was filed in
22    an improper format.  An order to show cause (OSC) may be issued in appropriate cases regarding
23    an attorney's disregard for the requirement to utilize electronic filing, or other violations of these
24    electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).

25    All counsel must be registered for CM/ECF.  On-line registration is available at
26    www.caed.uscourts.gov.  Once registered, counsel will receive a login and password in
27    approximately one (1) week.  Counsel must be registered to file documents on-line.  See L.R.
28    

4

135(g). Counsel are responsible for knowing the rules governing electronic filing in the Eastern District. Please review the Court's Local Rules available on the Court's web site.

**8. Effect of this Order:**

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

Scheduling orders are vital to the Court's case management. Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610.

**THEREFORE, FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

**IT IS SO ORDERED.**

**DATED:  12/20/2013**          **/s/ SANDRA M. SNYDER**
                                                **UNITED STATES MAGISTRATE JUDGE**

5