IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM, | 1:11-cv-01301-AWI-SMS |
| Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT** |
| v. | |
| RANDALL YICK, | **ORDER REFERRING THE MATTER TO THE MAGISTRATE JUDGE FOR SCHEDULING CONFERENCE** |
| Defendant. | |
| _____/ | (Doc. 73) |

### I. Introduction

On May 4, 2015, Plaintiff Tri-Dam ("Tri-Dam") filed a motion for leave to file a second amended complaint, adding claims for public (Doc. 73-2 ("SAC") at ¶¶48-57) and private nuisance (*id. at* ¶¶ 58-69), trespass (*id. at* ¶¶ 70-76), and interference with easements (*id*. at ¶¶ 77-81). Defendant Randall Yick ("Yick") has opposed that motion on grounds that Tri-Dam cannot show good cause for the delay in amending and that allowing such amendment would prejudice him. *See* Doc. 75. For the following reasons, Tri-Dam's motion will be granted.

### II. Background

Tri-Dam filed its First Amended Complaint ("FAC") in this action on September 9, 2011. Doc. 8. The Magistrate Judge's November 15, 2011 scheduling order required that any proposed

amendments to "be forwarded to the opposing party no later than December 16, 2011." Doc 17 at 2 (emphasis removed). Other than the filing of the FAC, no amended pleading was submitted prior to the amendment deadline. The non-expert discovery period closed on August 30, 2012.

Since that time, the parties have gone through two rounds of summary judgment motions between December of 2012 and June of 2013. *See* Docs. 21, 35, 36, 54. In ruling on those motions, the Court narrowed the scope of the litigation to whether Yick's dock interferes with Tri-Dam's flowage easements (Doc. 35 at 7), which allow Tri-Dam to remove "an obstruction … or any other thing which would in any way interfere with the use of [the Tulloch] reservoir, or the water therein …." Doc 54 at 7. After the second round of summary judgment motions was resolved, the Court directed the parties to the March 7, 2014 order, granting Tri-Dam's motion for summary judgment in the the related case of *Tri-Dam v. Schediwy*, CAED Case No. 11-cv-1141, Doc. 85, wherein this Court held that the Tri-Dam easement (containing the same language as the case at bar) was violated where the defendant property owner's retaining wall, "in some way, interfere[d] with the waters" of the reservoir "by displacing the normal flow of the waters." *Tri-Dam v. Schediwy*, 11-cv-1141, Doc. 85 at 16, 2014 WL 897337, *10 (E.D. Cal. Mar. 7, 2014). In the same order, the Court vacated upcoming hearing dates because the parties indicated that the resolution of *Schediwy* and another related case might impact the claims or defense of the parties. Doc. 68 (citing Doc. 64 at 12).

The parties determined that the *Schediwy* order did not impact their positions. Doc. 69. After the Court proposed dates for trial of this matter and informed them that they would be referred to the Magistrate Judge for scheduling, Tri-Dam filed the instant motion to for leave to amend. Presently no trial date is scheduled in this matter.

### III. Legal Standard

1. Modify Scheduling Order

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed.R.Civ.P. 16(b)(1)-(3). In general, "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). However, upon a

1  finding that leave to amend a pleadings should be granted, district courts have vacated

2  scheduling orders without a showing of good cause. *E.g., Brooks v. Felker*, 2010 WL 1795904,

3  *5 (E.D. Cal. May 4, 2010); *Bd. Of Trustees of the Automotive Industries Welfare Fund v. Groth*

4  *Oldsmobile/Cehvrolet, Inc.*, 2010 WL 760452, *3 (N.D. Cal. Mar. 4, 2010) (also noting that the

5  rationale for strict adherence to a scheduling order is lessened where no trial date is set).

6  2. Amend Complaint

7        Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a

8  matter of course within 21 days of service, or if the pleading is one to which a response is

9  required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a

10  party may amend its pleading only with the opposing party's written consent or the court's

11  leave." Fed.R.Civ.P. 15(a)(2). Here, Tri-Dam has already filed an amended pleading as a matter

12  of course, no motion pursuant to Rule 12(b) was filed, and Yick has refused consent to

13  amendment. Accordingly, Tri-Dam may only amend if this Court grants leave.

14        Leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P.

15  15(a)(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied

16  with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th

17  Cir.1990). The factors commonly considered to determine the propriety of a motion for leave to

18  amend are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of

19  amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that it is the

20  consideration of prejudice to the opposing party that carries the greatest weight. *Eminence*

21  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong

22  showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to

23  amend exists under Rule 15(a). *Id.* Further, undue delay alone is insufficient to justify denial of a

24  motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.1999). Finally, "liberality in

25  granting leave to amend is not dependent on whether the amendment will add causes of action or

26  parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). *But see, Union*

27  *Pac. R.R. Co. v. Nev. Power Co*., 950 F.2d 1429, 1432 (9th Cir.1991) ("Amendments seeking to

28  add claims are to be granted more freely than amendments adding parties.")

1 | ///

2 | **IV. Discussion**

3 |     Plaintiff's proposed amendment follows two rounds of summary judgment, in both of

4 | which the Court identified Tri-Dam's property rights as the focus of the litigation. The proposed

5 | amendment also falls outside of the time permitted by the Magistrate Judge's initial scheduling

6 | order, requiring that any amended pleadings be forwarded to opposing counsel no later than

7 | December 16, 2011. Doc. 17. However, Tri-Dam correctly notes that all dates in this matter have

8 | been vacated on two different occasions. Doc. 73-1 at 6. The fact that no trial date is scheduled

9 | in this matter weakens the rationale for requiring good cause to modify the scheduling order

10 | before allowing Plaintiff to file an amended complaint. That said, setting a trial date is not the

11 | sole purpose of a scheduling order; scheduling orders are designed to set a structure and roadmap

12 | for litigation. *See* Fed.R.Civ.P. 16(b). In this instance, that roadmap was followed to the eve of

13 | trial, where it was abandoned. If the proposed amendment threatens to require reopening

14 | discovery, it would necessarily delay the trial in this matter, weighing against departure from the

15 | scheduling order.

16 |     Bearing that in mind, it is unclear to the Court what additional discovery could be

17 | required if Tri-Dam were permitted to amend its complaint to add the four new causes of action.

18 | This action has primarily surrounded Tri-Dam's property rights in the Tulloch Reservoir,

19 | specifically its easement, which contains language that roughly tracks the language of a nuisance

20 | case of action. *Compare* Doc. 54 at 7:6-9 (granting Tri-Dam the right to "clear, destroy, or

21 | dispose of any … obstruction … [or] any other thing which would in any way interfere with the

22 | use of …[the] reservoir, or the waters therein, or tend to render unsafe or unsanitary … the

23 | reservoir … or the margin thereof") *with* SAC at ¶¶49, 60 (seeking to prevent Yick from

24 | maintaining a dock with "conditions that are … harmful to health and obstruct[] the" free

25 | passage and use of the reservoir). As such, Court does not anticipate that the parties will need to

26 | engage in any additional discovery;[1] each party has already briefed and presented facts regarding

27 |

28 |

---

[1] Defendant does not appear to have engaged in any discovery to begin with. Doc. 77 at 6.

4

1  both parties' easements.[2] This further weakens the rationale for requiring a showing of good

2  cause to depart from the scheduling order.

3       Further, Tri-Dam's proposed amendment is responsive to the Court's discussion of the

4  issues in this action. In fact, the Court's orders on summary judgment recognized the Tri-Dam

5  easements as that basis for its claim. *See* Doc. 35 at 7; Doc. 54 at 6-8. Even at that time, when the

6  Court identified the potential for other claims, the window set by the scheduling order for

7  amendment had closed. In any event, because the Court recognized that the underlying property

8  rights are the appropriate focus of this action after the close of the amendment window, and

9  because no trial date is looming, cause exists for the Court to find that the scheduling order – to

10 the extent that it still applies – should not preclude amendment to conform to the Court's

11 holdings.

12      Moving to Rule 15, it is clear that Tri-Dam delayed in filing an amended complaint; the

13 second round of summary judgment concluded on June 7, 2013 but its motion to amend was not

14 filed until May 4, 2015.[3] Tri-Dam does not explain its delay other than to note that "[i]n late

15 2014 and early [2015], Tri-Dam re-evaluated all of its potential claims and legal theories … in

16 preparation for trial." Doc. 73-1 at 4. It admits that none of the facts of the action have changed.

17 *Id.* Tri-Dam's delay (of at least a year) in seeking amendment appears to be unjustified.

18      Yick alleges that Tri-Dam only seeks to amend its complaint to delay the trial. Doc. 75 at

19 7. The Court disagrees. As previously noted, the proposed amendments are a clear response to

20 this Court's determination that Tri-Dam's ability to enforce the SMP extends only as far as its

21 property rights. Tri-Dam may have failed to act in a timely manner, but the amendment presently

22 proposed does not appear to be a bad faith attempt to needlessly delay the proceedings. In the

23 same vein, allowing the proposed amendment does not appear, on its face, to be futile.

24

---

25 [2] Plaintiff's proposed reliance on the Calaveras Code does not appear to the Court to create any discovery concerns. Section 20.10.120 of that Code requires, in relevant part, that any "facility" – defined as any structure, including

26 boat ramps, docks, buoys, mooring facilities, basins, retaining walls, erosion protection systems, floats, access ramps, stairs, or piers – constructed or maintained on the reservoir be permitted by Tri-Dam. Because the permitting

27 process was already a focus of this litigation, it is unlikely that any additional discovery should be required on that issue.

28 [3] Additionally, summary judgment in *Tri-Dam v. Schediwy* issued and the parties to this action were directed to that order on March 7, 2014.

1    Finally, Yick contends that the permitting the Tri-Dam to amend its complaint would

2    prejudice him because it would require reopening discovery, responding to another amended

3    complaint, and formulating a new defensive strategy. Doc. 75 at 8. Yick does not explain, and it

4    is not readily apparent to the Court, what discovery additional would be required with regard to

5    Tri-Dam's proposed second through fifth causes of action. As previously noted, the issues

6    related to Tri-Dam's property rights (and Yick's property rights) have been explored and

7    discovery permitted on those issues. Yick is correct that he would be required to respond to any

8    amended complaint but such is the case with any amended pleading. The defendant incurring

9    additional expense to file an answer or prepare a defense is not the kind of prejudice

10   contemplated by Rule 15(a). *See Sonoma County Ass'n of Retired Employees v. Sonoma County*,

11   708 F.3d 1109, 1118 (9th Cir. 2013) (holding that a defendant is not prejudiced by an

12   amendment where he is "fully prepared to litigate the substantive issues of the claim [because]

13   both the theory and operative facts remain the same"). Accordingly, Yick has not demonstrated

14   that he would suffer prejudice such that Tri-Dam should not be permitted to amend its complaint.

15   Despite Tri-Dam's delay in amending, the remaining Rule 15 considerations militate in

16   favor allowing Tri-Dam to amend. *DCD Programs, Ltd. v. Leighton*, 883 F.2d 183, 186 (9th Cir.

17   1986) (holding that undue delay, by itself, is insufficient to prevent the Court from granting leave

18   to amend).  For that reason, this court will exercise its discretion to grant Tri-Dam's motion to

19   amend.

20

21

22

23

24

25

26   ///

27   ///

28   ///

1                                           **IV. Order**

2         Based on the foregoing, IT IS HEREBY ORDERED that:

3            1.  Tri-Dam's motion for leave to file an amended complaint is GRANTED;

4                  a.  Tri-Dam may file its amended complaint within ten days of this order. If it

5                      fails to do so, this action will proceed based on the First Amended

6                      Complaint;

7                  b.  Yick is required to file a responsive pleading within 21 days of Tri-Dam's

8                      filing;

9            2.  This matter is referred to the Magistrate Judge for purposes of holding a

10              scheduling conference.

11

12 IT IS SO ORDERED.

13 Dated:  __June 23, 2015__                _____

                                                          SENIOR  DISTRICT  JUDGE